# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **TARLISHA FOOTE**, <br> c/o Cornerstone Law Firm <br> 5821 NW 72nd Street <br> Kansas City, MO 64151 <br><br> Plaintiff, <br><br> v. <br><br> **ADIENT US LLC** <br> 4101 NW Mattox Road <br> Riverside, MO 64150 <br><br> Defendant. | Case No.: _____ <br><br> **REQUEST FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Tarlisha Foote, by and through her undersigned attorney, and for her cause of action against Defendant Adient US LLC states and alleges as follows:

### Parties and Jurisdiction

1. This is an employment case based upon Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq*. ("Title VII").

2. Plaintiff is a female citizen of Kansas City, Wyandotte County, Kansas.

3. Defendant Adient US LLC ("Defendant" or "Adient") is a foreign corporation that conducts substantial and continuous business in Missouri.

4. Defendant employed Plaintiff at its place of business located at 4101 NW Mattox Road, Riverside, Platte County, Missouri.

5. Defendant employs fifteen (15) or more people in Missouri.

6. Defendant is an employer within the meaning of Title VII.

7. This court has personal jurisdiction over Defendant.

8. Subject matter jurisdiction is proper in this court pursuant to 28 U.S.C. § 1331 because some or all of Plaintiff's claims arise under the laws of the United States.

9. Venue is proper in the Western District of Missouri pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the alleged discriminatory conduct described herein occurred in this District.

## Administrative Procedures

10. On March 5, 2021, Plaintiff timely filed a Charge of Discrimination with the Missouri Commission on Human Rights ("MCHR") and the Equal Employment Opportunity Commission ("EEOC") against Defendant, alleging sex discrimination and retaliation (attached as Exhibit 1 and incorporated herein by reference).

11. On April 19, 2021, the EEOC issued to Plaintiff a Notice of Right to Sue (attached as Exhibit 2 and incorporated herein by reference), and this lawsuit is filed within ninety days of the issuance of the same.

12. The aforesaid Charge of Discrimination provided the EEOC sufficient opportunity to investigate the full scope of the controversy between the parties and, accordingly, the sweep of this judicial complaint may be and is as broad as the scope of an EEOC investigation which could reasonably be expected to have grown out of the Charge of Discrimination.

13. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the institution of this action.

14. This action is filed within the applicable statute of limitations.

## Additional Factual Allegations

15. Plaintiff began working for Respondent in September 2020.

16. During Plaintiff's employment, one of her supervisors, Leonard, made sexually harassing comments to Plaintiff, including:

    a. "If you give me your phone number, we can work this out."

    b. "You're cute when you get all serious."

    c. "Your ass looks good in those pants."

    d. In response to a comment Plaintiff made about going home from work, Leonard interjected, "only if I can go [home] with you."

17. One of Plaintiff's coworkers told her, "he [Leonard] is just like that" and "he [Leonard] will try to get you fired if you don't flirt with him."

18. Plaintiff reported Leonard's conduct to another supervisor but to her knowledge, this supervisor did not relay her concerns to anyone else or otherwise address the situation.

19. On or around December 6, 2020, Plaintiff went to Defendant's HR department and reported Leonard's conduct to an employee in HR named James.

20. Seeing that Plaintiff was very upset about the situation, James advised Plaintiff that she could go ahead and leave work and that they could resume the discussion on another day.

21. Accordingly, after her discussion with James, Plaintiff left work before the end of her shift. When Plaintiff next reported to work a few days later, James telephoned Plaintiff and informed her that she was terminated for leaving work early without Leonard's permission. When Plaintiff protested, James told her that the situation was "out of [his] hands."

## COUNT I
### Violation under 42 U.S.C. §§ 2000e *et seq*.
### Sex Discrimination (Hostile Work Environment)

22. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

23. Plaintiff is a member of a protected class because of her sex, female.

24. Defendant subjected Plaintiff to unwelcome harassment based on her sex.

25. Defendant's harassment of Plaintiff was severe or pervasive so as to form a hostile work environment.

26. A term, condition, or privilege of Plaintiff's employment was affected by Defendant's harassment of Plaintiff.

27. The conduct described herein would have offended a reasonable person of the same sex in Plaintiff's position.

28. Management level employees of Defendant knew or should have known of the sex discrimination and harassment herein but failed to take appropriate action to address the discrimination, and further failed to implement effective and appropriate procedures to stop and remedy the discrimination and harassment.

29. By failing to conduct a prompt investigation of Plaintiff's allegations of sexual harassment, Defendant exacerbated the discriminatory and hostile work environment to which Plaintiff was subjected.

30. Defendant knew or should have known of the harassment to which Plaintiff was subjected because other female employees had previously complained about Leonard's sexually harassing behavior.

31. At all times mentioned herein, before and after, the above described perpetrators were agents, servants, and employees of Defendant, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Defendant, thus making Defendant liable for said actions under the doctrine *respondeat superior*.

32. Defendant failed to make good faith efforts to establish and enforce policies to address and prevent illegal discrimination against its employees.

33. Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including Title VII.

34. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

35. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

36. By failing to take prompt and effective remedial action, Defendant, in effect, condoned, ratified, and/or authorized discrimination against Plaintiff.

37. Defendant's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant or to deter Defendant and other employers from like conduct in the future.

38. Pursuant to the provisions of Title VII, Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

WHEREFORE Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such and further legal and equitable relief as the Court deems just and proper.

## COUNT II
### Violation under 42 U.S.C. §§ 2000e *et seq*.
### Sex Discrimination (Quid Pro Quo)

39. Plaintiff re-alleges and incorporates herein by reference, as though fully set forth herein, all of the above numbered paragraphs.

40. Plaintiff is a member of a protected class because of her sex, female.

41. Defendant subjected Plaintiff to unwelcome harassment based on her sex.

42. Plaintiff's refusal to engage in flirtatious behavior, or otherwise respond positively to Leonard's sexual advances, resulted in her termination.

43. Management level employees of Defendant knew or should have known of the sex discrimination and harassment herein but failed to take appropriate action to address the discrimination, and further failed to implement effective and appropriate procedures to stop and remedy the discrimination and harassment.

44. By failing to conduct a prompt investigation of Plaintiff's allegations of sexual harassment, Defendant exacerbated the discriminatory and hostile work environment to which Plaintiff was subjected.

45. Defendant knew or should have known of the harassment to which Plaintiff was subjected because other female employees had previously complained about Leonard's sexually harassing behavior.

46. At all times mentioned herein, before and after, the above described perpetrators were agents, servants, and employees of Defendant, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Defendant, thus making Defendant liable for said actions under the doctrine *respondeat superior*.

47. Defendant failed to make good faith efforts to establish and enforce policies to address and prevent illegal discrimination against its employees.

48. Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including Title VII.

49. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

50. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

51. By failing to take prompt and effective remedial action, Defendant, in effect, condoned, ratified, and/or authorized discrimination against Plaintiff.

52. Defendant's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant or to deter Defendant and other employers from like conduct in the future.

53. Pursuant to the provisions of Title VII, Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

WHEREFORE Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such and further legal and equitable relief as the Court deems just and proper.

## COUNT III
### Violation under 42 U.S.C. §§ 2000e *et seq.*
### Retaliation

54. Plaintiff hereby re-alleges and incorporates by reference the allegations contained in all paragraphs above as though set out fully herein.

55. By opposing and/or making good faith reports of sex discrimination/harassment in the workplace, Plaintiff engaged in protected activities.

56. Plaintiff's good faith reports of/opposition to sexual harassment were a motivating factor(s) in Defendant's decision to terminate her employment.

57. At all times mentioned herein, before and after, the above described perpetrators were agents, servants, and employees of Defendant, and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized or ratified by Defendant, thus making Defendant liable for said actions under the doctrine *respondeat superior*.

58. Defendant failed to make good faith efforts to establish and enforce policies to address and prevent illegal discrimination and retaliation against its employees.

59. Defendant failed to properly train or otherwise inform its supervisors and employees concerning their duties and obligations under the civil rights laws, including Title VII.

60. As shown by the foregoing, because of her complaints of discrimination and/or opposition to unlawful employment practices, Plaintiff suffered retaliation in violation of Title VII.

61. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

62. As a direct and proximate result of Defendant's actions and/or omissions, Plaintiff has suffered humiliation, mental anguish, pain, and a loss of self-esteem in the form of garden variety emotional distress and related compensatory damages.

63. By failing to take prompt and effective remedial action, Defendant, in effect, condoned, ratified, and/or authorized discrimination and retaliation against Plaintiff.

64. Defendant's conduct was willful, wanton, malicious, and showed complete indifference to or conscious disregard for the rights of others, including the rights of Plaintiff, thus justifying an award of punitive damages in an amount sufficient to punish Defendant or to deter Defendant and other employers from like conduct in the future.

65. Pursuant to the provisions of Title VII, Plaintiff is entitled to recover reasonable attorneys' fees from Defendant.

WHEREFORE Plaintiff requests that the Court enter judgment in her favor and against Defendant for economic damages, including but not limited to back-pay and lost benefits; for compensatory damages, including but not limited to emotional distress; for equitable relief, including but not limited to front-pay and injunctive relief; for punitive damages; for reasonable attorneys' fees and costs incurred herein; for pre- and post-judgment interest as allowed by law; and for such and further legal and equitable relief as the Court deems just and proper.

## Demand for Jury Trial

Plaintiff requests a trial by jury in this court on all counts and allegations of wrongful conduct alleged.

Respectfully Submitted,

CORNERSTONE LAW FIRM

By: /s/ Marc N. Middleton
    Marc N. Middleton    Mo Bar #60002
    m.middleton@cornesrtonefirm.com
    Megan Lowe Stiles    Mo Bar #69202
    m.stiles@cornerstonefirm.com
    5821 NW 72nd Street
    Kansas City, Missouri 64151
    Telephone    (816) 581-4040
    Facsimile    (816) 741-8889
    ATTORNEYS FOR PLAINTIFF